IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| 3FORM, INC., a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LUMICOR, INC., a Washington corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING 3FORM'S MOTION TO DISMISS<br><br><br><br>Case No. 2:09-cv-990 TS |

Before the Court is Plaintiff and Counterdefendant 3form, Inc.'s ("3form") Motion to Dismiss Defendant and Counterclaimant Lumicor, Inc.'s ("Lumicor") Fourth and Sixth Counterclaims for a Declaratory Judgment of Uneforceability for Inequitable Conduct.[1] 3form argues that Lumicor's counterclaims fail to meet the heightened pleading standard under Fed.R.Civ.P. 9(b) and therefore should be dismissed pursuant to 12(b)(6) for failure to state a claim upon which relief can be granted.

Upon reviewing the parties' respective arguments, the Court will grant 3form's Motion to Dismiss. Lumicor's counterclaims fail to allege with particularity the essential elements of its

---

[1]Docket No. 32.

1

inequitable conduct counterclaims and, therefore, will be dismissed. Lumicor's counterclaims are dismissed without prejudice to provide Lumicor an opportunity to seek leave to amend should discovery uncover additional facts which would allow Lumicor to plead its claims with the required particularity.

## I.  BACKGROUND

3form's Second Amended Complaint was deemed filed on September 3, 2010, pursuant to this Court's Order Granting Stipulated Motion for Leave to File Second Amended Complaint and to Modify Scheduling Order.[2] In 3form's Second Amended Complaint, 3form alleges against Lumicor claims for infringement of ten separate patents, false marketing, false advertising, trademark infringement, and federal unfair competition.

On September 16, 2010, Lumicor filed its Answer to Second Amended Complaint and Counterclaims.[3] Lumicor alleges, among other claims, two separate counterclaims (Fourth and Sixth Counterclaims) which seek a declaratory judgment of unenforceability based on 3form's alleged inequitable conduct in procuring several of 3form's patents it alleges Lumicor has infringed.

On October 12, 2010, 3form moved this Court to dismiss Lumicor's Fourth and Sixth Counterclaims for failure to plead with the required particularity under Rule 9(b). The undersigned received this action by reassignment on December 1, 2010.

---

[2]Docket No. 28, at 2.

[3]Docket No. 29.

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[4]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[5]  All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[6]  But, the court "need not accept . . . conclusory allegations without supporting factual averments."[7]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[8]

Fed.R.Civ.P. 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  The Federal Circuit has stated that "inequitable conduct, while a broader concept than fraud, must be pled with particularity."[9]

---

[4]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[5]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[6]*GFF Corp.*, 130 F.3d at 1384.

[7]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[8]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[9]*Ferguseon Beauregard/Logic Controls, Div. of Dovers Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003).  Lumicor's counterclaims are governed by Federal Circuit law and the Court will therefore apply the pleading standard for inequitable conduct announced in that Circuit's precedents.  *See Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac*

"Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the [United States Patent and Trademark Office ("PTO")]."[10]

### III. DISCUSSION

To plead a claim for inequitable conduct, the party must allege that "(1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO."[11]

A.  LUMICOR'S FOURTH COUNTERCLAIM

In Lumicor's Fourth Counterclaim, Lumicor alleges that the "named inventors" of 3form's five patents "did not invent the subject matter claimed" in those patents.[12] Lumicor alleges that "a third party approached 3form and asked 3form to produce panels in accordance with the claims of the 3form Translucent Wood Patents for use in a specific project."[13] Lumicor alleges that 3form failed to disclose this third party to the PTO and did so with an intent to deceive the PTO as to the third party's role in the conception of the patents' subject matter.

---

*Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007) (stating that whether inequitable conduct has been adequately pled is a question of Federal Circuit law because it "pertains to or is unique to patent law").

[10]*Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009).

[11]*Id.* at 1327 n.3.

[12]Docket No. 29, ¶ 48.

[13]*Id.* ¶ 49.

Lumicor further asserts that "3form offered to sell such panels more than a year before the earliest priority date for the 3form Translucent Wood Patents," yet did not inform the PTO of said offer of sale.[14]

3form contends that Lumicor's Fourth Counterclaim fails to set forth the "who" of the alleged inequitable conduct. 3form notes that Lumicor has only identified a "third party" who allegedly approached 3form with the project which became the subject matter of 3form's patents. This third party is never identified by name. In opposition, Lumicor notes that while it is true that its counterclaim fails to identify the third party by name, this third party is not identified by a specific name because the relevant information is contained within documents produced by 3form which are designated Attorneys Eyes Only. Lumicor contends that it drafted the counterclaim in such a way as to make identification of the third party unmistakable, yet preventing the counterclaim from being filed under seal.

The Court finds Lumicor's arguments unpersuasive. Lumicor cites to no authority which supports its proposition that the desire to avoid filing a document under seal allows a party to escape the clear requirements of Rule 9(b). As interpreted by the Federal Circuit, the "who" of the alleged inequitable conduct must be set forth with particularity, and by only identifying a "third party," Lumicor has failed to satisfy this requirement.

Relatedly, 3form contends that Lumicor gives no details of the alleged sale of the patented invention which allegedly occurred more than one year before the earliest priority date of the patents. In response, Lumicor again responds that the details of the alleged sale are

---

[14]*Id.* ¶ 50, 53.

5

contained in a 3form document marked Attorneys Eyes Only. For the reasons set forth above, the Court finds Lumicor's argument unpersuasive and that Lumicor's pleading of the alleged sale is deficient under Rule 9(b).

3form further contends that Lumicor has failed to allege the "what" of the alleged inequitable conduct. 3form argues that Lumicor fails to identify which claims of the patents, and which limitations of those claims, were allegedly conceived of by the third party. In opposition, Lumicor contends that this argument is hollow because three of the implicated patents are design patents containing a single claim. And as to the two utility patents, if any claim is implicated, Lumicor argues that the general pleading is insufficient.

In evaluating Lumicor's response, the Court finds the Federal Circuit's discussion in *Exergen*[15] of the court's prior decision in *Central Admixture*[16] instructive. As the court explained in *Exergen*, the accused infringer alleged that the applicant "'sought to mislead the PTO regarding the relationship between the claimed invention and the prior art' 'by manipulation of various measurements and units.'"[17] The court found this pleading "deficient because it failed to identify 'what measurements and units were manipulated, or how that manipulation was meant to mislead the PTO.'"[18] Applying this precedent to the present action, the Court finds that Lumicor must identify which claims in the various patents were conceived of by the third party. This

---

[15] 575 F.3d at 1312.

[16] 482 F.3d at 1347.

[17] *Exergen*, 575 F.3d at 1327 (quoting *Cent. Admixture*, 482 F.3d at 1356).

[18] *Id.* (quoting *Cent. Admixture*, 482 F.3d at 1357).

conclusion is not altered by the fact that three of the patents are design patents containing only one claim. Under Lumicor's duty to plead with particularity, Lumicor must, at a minimum, state which claim was allegedly conceived of by the third party.

Because of the foregoing, the Court finds that Lumicor has failed to plead its Fourth Counterclaim with the required particularity. The Court will therefore grant 3form's Motion and dismiss Lumicor's Fourth Counterclaim.

B.     LUMICOR'S SIXTH COUNTERCLAIM

Lumicor's Sixth Counterclaim alleges that 3form's patent number 7,691,470 is unenforceable because (1) 3form knowingly misled the patent office about the content of its prior provisional application and (2) 3form was aware of the prior art Theil patent but withheld it from the patent office.

3form contends that this counterclaim does not name a specific individual at 3form who was responsible for the alleged conduct and that the counterclaim fails to apply the Theil reference to the claims in a detailed manner. In its opposition, Lumicor concedes that the counterclaim fails to identify a specific individual, but argues that such specificity is irrelevant because the misdeeds of co-inventors can affect the rights of otherwise innocent individuals. In support of Lumicor's argument, it cites to *Starks v. Advanced Magnetics, Inc.*[19] On the Court's review of this decision, the Court finds its discussion of the misdeeds of co-inventors affecting the rights of innocent individuals inapplicable to the present situation. The *Starks* court was not discussing the pleading requirements of inequitable conduct under Rule 9(b), but rather was

---

[19] 119 F.3d 1551, 1556 (Fed Cir. 1997).

discussing the relationship between inequitable conduct and 35 U.S.C. § 256. Thus, the Court does not read the *Starks* decision as announcing an exception to the heightened pleading standards of Rule 9(b).

Because of the foregoing, the Court finds that Lumicor has failed to plead its Sixth Counterclaim with the required particularity. The Court will therefore grant 3form's Motion and dismiss Lumicor's Sixth Counterclaim.

C.   DISMISSAL WITHOUT PREJUDICE

Lumicor requests that, in the event the Court grants 3form's Motion, that the Court dismiss Lumicor's counterclaims without prejudice so that Lumicor can seek leave to amend its claims with greater particularity later in the course of discovery. 3form opposes this request, arguing that the deadline to amend pleadings set forth in the Court's Scheduling Order has long passed.

Although this issue is not squarely before the Court because Lumicor has not yet sought leave to file an amended counterclaim, the Court notes that the expired Scheduling Order is not an absolute bar to amending Lumicor's pleading.[20] A district court "must issue a scheduling order" which "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions."[21] Once a scheduling order is entered, it may only be modified "for good cause and with the judge's consent."[22]

---

[20]*See Sosa v. Airpritn Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995).

[21]Fed.R.Civ.P. 16(b).

[22]Fed.R.Civ.P. 16(c).

Generally, "[t]his good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"[23] Thus, a party seeking leave to amend after the deadline in the Scheduling Order is expired must—in addition to satisfying the requirements of Fed.R.Civ.P. 15(a)—also demonstrate good cause.[24]

It will therefore be Lumicor's burden to satisfy both Rules 16(c) and 15(a) before leave to amend will be granted. That being said, because the expired date in the Scheduling Order does not serve as an absolute bar to Lumicor's request to amend, the Court will dismiss Lumicor's claims without prejudice. Lumicor may seek, by separate motion, leave to amend at a later stage in these proceedings.

### III. CONCLUSION

It is therefore

ORDERED that 3form's Motion to Dismiss (Docket No. 32) is GRANTED and Lumicor's Fourth and Sixth Counterclaims are DISMISSED WITHOUT PREJUDICE.

DATED April 12, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[23] *Sosa*, 133 F.3d at 1418.

[24] *Id.* at 1419; *see also Deghand*, 904 F. Supp. at 1221.